UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN HARLEY COOK** | **CIVIL ACTION** |
| **versus** | **NO. 13-0187** |
| **ST. TAMMANY PARISH JAIL** | **SECTION: "C" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, John Harley Cook, is a state prisoner incarcerated at the St. Tammany Parish Jail, Covington, Louisiana. On August 19, 2011, he was convicted under Louisiana law of

creating or operating a clandestine laboratory for the unlawful manufacturing of methamphetamine.[1] On September 29, 2011, he pleaded guilty to being a second offender and was therefore sentenced as such to a term of ten years imprisonment without benefit of probation or suspension of sentence.[2]

Petitioner appealed, assigning a single error, i.e. that his sentence was excessive.[3] While that appeal was pending, he also filed an application for post-conviction relief with the state district court on April 23, 2012.[4] On May 7, 2012, the court denied that application pursuant to La. Code Crim. P. 924.1, which provides: "An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending."[5] Petitioner then filed a writ application with the Louisiana First Circuit Court of Appeal, asking that court to consolidate his post-conviction claims with the direct appeal and issue a ruling on all claims.[6] On May 25, 2012, the Court of Appeal denied that request[7] and held:

---

[1] State Rec., Vol. II of IV, transcript of August 19, 2011; State Rec., Vol. I of IV, minute entry dated August 19, 2011; State Rec., Vol. I of IV, jury verdict form.

[2] State Rec., Vol. II of IV, transcript of September 29, 2011; State Rec., Vol. I of IV, minute entry dated September 29, 2011; State Rec., Vol. III of IV, Reasons for Judgment dated November 28, 2011.

[3] State Rec., Vol. IV of IV.

[4] State Rec., Vol. III of IV.

[5] State Rec., Vol. III of IV, Order dated May 7, 2012.

[6] State Rec., Vol. III of IV.

[7] State v. Cook, No. 2012 KW 0856 (La. App. 1st Cir. May 25, 2012); Rec. Doc. 3, p. 27.

> The trial court properly denied the defendant's application for postconviction relief since an appeal is presently pending. See La. Code Crim. P. art. 924.1. As a court of review, this Court cannot consider the merits of an application for postconviction relief until the trial court has reviewed and ruled on the merits of the pleading. The time delays for filing an application for postconviction relief that the trial court can consider on the merits will begin to run after the appeal is final.[8]

Thereafter, on June 8, 2012, the Louisiana First Circuit Court of Appeal issued its judgment rejecting petitioner's direct-review claim and affirming his conviction, habitual offender adjudication, and sentence.[9]

Petitioner then filed a writ application with the Louisiana Supreme Court. That application was denied on January 11, 2013.[10]

On January 30, 2013, petitioner filed the instant application for federal *habeas corpus* relief.[11] In support of that application, he asserts the following claims:

1. The arrest and seizure in this case was illegal;

2. There was insufficient evidence to support the conviction;

3. Officer Brad Hooper committed perjury;

4. Brandon Brown committed perjury;

---

[8] State v. Cook, No. 2012 KW 0856 (La. App. 1st Cir. May 25, 2012); State Rec., Vol. III of IV.

[9] State v. Cook, No. 2011 KA 2336, 2012 WL 2061518 (La. App. 1st Cir. June 8, 2012); State Rec., Vol. III of IV.

[10] State v. Cook, 106 So.3d 548 (La. 2013) (No. 2012-KO-1463); State Rec., Vol. IV of IV.

[11] Rec. Doc. 3.


  5.  The prosecutor inappropriately asked Brown a leading question on redirect examination;

  6.  Petitioner's counsel was ineffective;

  7.  Petitioner's rights were violated in the multiple offender proceedings because the hearing was defective, his counsel was ineffective, the state failed to meet its burden of proof, and his plea was unknowing and involuntary; and

  8.  The Public Defenders Office was aware of its negligence.

The state concedes that the federal application is timely but argues that the application must be dismissed because petitioner failed to exhaust his remedies in the state courts.[12] The state is correct.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes

---

[12] Rec. Docs. 13 and 14.

> properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted),

Therefore, "[t]o exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin, 541 U.S. at 29. Moreover, the claim must have been presented "in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor. The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).

Applying those guiding principles, it is clear that the claims petitioner asserts in his federal application are unexhausted. The claims were not asserted to the state courts in the *direct-*review proceedings; as noted, petitioner's sole claim on direct review was that his sentence was

excessive. Moreover, even if the Court were to assume that petitioner's state *collateral*-review filings could be so broadly construed as to incorporate all of his current claims, which is a dubious assumption at best, it would not aid petitioner. As noted, petitioner's post-conviction application was procedurally improper under La. Code Crim. P. art. 924.1, and it was expressly rejected by the state courts on that basis. Therefore, the instant claims have never been fairly presented to the state courts in a procedurally proper manner, and so they are clearly unexhausted. As a result, even if the any of the claims had merit, which is an issue that this Court need not and does not reach, relief could not be granted. See Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999) ("[A]bsent the applicability of an exception to the exhaustion requirement, a federal court lacks the authority to grant habeas relief on an unexhausted claim.").

In summary, the Court is aware that petitioner feels that his rights have been violated, and so he is understandably impatient. However, such impatience does not excuse the requirement that he give the state courts a fair opportunity to correct any constitutional errors prior to seeking relief from the federal courts.

Therefore, petitioner's federal application should be dismissed without prejudice on the grounds that he has not yet exhausted his remedies in the state courts. Out of an abundance of caution, this Court further notes that it appears that petitioner would not be prejudiced in any way by such a decision. Because his first state post-conviction application was dismissed as prematurely filed, and because his state limitations period for seeking post-conviction relief has not yet expired, it appears that he would still be able to file a timely and procedurally proper state post-conviction application if he acts with due diligence. Moreover, if he promptly files his state application and

meets all applicable state deadlines for seeking supervisory review, it appears that he would still have more than sufficient time to seek review of any adverse decision in this Court by filing a new federal application before his federal limitations period expires.  See 28 U.S.C. § 2244(d).

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **John Harley Cook** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of April, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**